## Case No. 14,094.

### In re TONKIN et al.

[4 N. B. R. 52 (Quarto, 13);[1] 3 Am. Law T. 221; 1 Am. Law T. Rep. Bankr. 232.]

District Court, E. D. Michigan. Aug., 1870.

BANKRUPTCY—ILLEGAL PREFERENCE—ACTION BY ASSIGNEE—PAYMENT OF DECREE—SURRENDER—PROVING CLAIM.

1. Where debtors gave a chattel mortgage as security, within three months of filing petition in bankruptcy—the mortgage was foreclosed, the property bid in by the mortgagees, and the proceeds applied to the debts. The assignee filed bill to recover the value of the property so mortgaged, alleging it to have been given with a view to preference, and a decree was rendered in favor of assignee, which the creditors paid in full. Creditors contend that the payment by them of the decree is a surrender, etc., and that they are entitled to prove their debts against bankrupt's estate. This is contested on the part of assignee and certain other creditors. _Held_, that the claimants accepted a preference on account of the debt or claim, having reasonable cause to believe the same to be contrary to the provisions of the bankrupt act [of 1867 (14 Stat. 517)].

[Cited in Bean v. Amsink, Case No. 1,167; Richter's Estate, Id. 11,803.]

2. The payment by said claimants of the decree obtained against them is not a surrender within the meaning of the bankrupt act.

[Cited in Re Stephens, Case No. 13,365; Re Kipp, Id. 7,836.]

3. Therefore, they are not allowed to prove their said debt or claim against the estate of said bankrupts.

[In the matter of Tonkin and Trewartha, bankrupts.]

On an issue made before the register, Hovey K. Clarke, Esq., in the matter of the proof of claim of Franklin Moore, George Foote, and George F. Bagley, constituting the firm of Moore, Foot & Co., against the

said bankrupts' estate, and adjourned into court for trial. Moore & Foot also presented a claim against the said bankrupts' estate for proof. The assignee objected to the same, on the ground that the said creditors had accepted a preference, having reasonable cause to believe that the same was given by the said debtors contrary to the provisions of the bankrupt act, and have not surrendered to the assignee all property, money, etc., received by them under such preference, as required by section 23 of the said act.

The facts are as follows: On the 9th of May, 1868, the bankrupts being indebted to the above-named claimants, in the sum of about eleven thousand dollars, gave their creditors a chattel mortgage on substantially all their property, as security for the debt. This mortgage was afterwards foreclosed, and the property bid in by the mortgagees, and the proceeds applied on the debt. Subsequently, on the 3d of August, 1868, the debtors filed their petition in this court, to be adjudicated bankrupts, and were adjudicated bankrupts accordingly. The assignee of said bankrupts filed his bill in the circuit court for the Eastern district of Michigan, in equity, to recover the value of the property so received by the said creditors, under their said chattel mortgage, to which bill the said creditors appeared and made defense. Such proceedings were had in the said suit, that on the 5th of March, 1870, a decree was rendered therein, in favor of the assignee, and against the said creditors, for the full value of all the property so received by the said creditors, under their said chattel mortgage, which decree has been paid in full by the said creditors to the assignee. Copies of the decree and of the able opinion of Judge Withey, of the Western district of Michigan, before whom the case was tried, are submitted as evidence upon this issue by stipulation, as containing a true statement of the facts in the case. [Case No. 4,083.] From these proofs it appears: First. That the debtors were insolvent at the time the mortgage was given. Second. That the mortgage was given within four months before the filing of the petition for adjudication of bankruptcy by the bankrupts, and that it was so given with a view to give a preference to the said creditors. Third. That the said creditors had reasonable cause to believe that the bankrupts were so insolvent at the time they received said mortgage, and that the said mortgage was made in fraud of the provisions of the bankrupt act. Fourth. That the said decree in favor of the assignee, was based exclusively upon the facts above stated.

It is now contended on behalf of the said creditors that the payment by them of the said decree, is a surrender to the assignee of all property, money, benefit, or advantage, received by them under the said preference,

[1] [Reprinted from 4 N. B. R. 52 (Quarto, 13), by permission.]

within the meaning of section 23 of the bankrupt act; and that they are, therefore, entitled under said section to prove their debts against the said bankrupts.

On behalf of the assignee and of certain creditors, who have proved their claims against the bankrupts' estate, this position, and the said claim of the said Moore and others, are contested.

Lathrop & Meddaugh, for claimants.
Mr. Pond, for assignee.

LONGYEAR, District Judge. The decision upon the issue presented, depends entirely upon the construction to be given to the last clause of section 23 of the bankrupt act, which provides that, "any person who, after the approval of this act, shall have accepted any preference, having reasonable cause to believe that the same was made or given by the debtor, contrary to any provision of the act, shall not prove the debt or claim on account of which the preference was made or given; nor shall he receive any dividend therefrom, until he shall first have surrendered to the assignee all property, money, benefit, or advantage received by him under such preference." Have these creditors surrendered to the assignee all property, money, etc., within the meaning of this provision? In other words, is payment of a judgment or decree recovered against a creditor on account of a fraudulent preference, a "surrender" within the meaning of the act? In order to answer this question intelligently, it is necessary to consider the provisions of the act under which the decree paid by these creditors was obtained, in connection with the above provisions of section 23. This provision under which the decree was obtained, is found in the first clause of section 35, and is as follows: "That if any person, being insolvent, or in contemplation of insolvency, within four months before the filing of the petition, by or against him, with a view to give a preference to any creditor or person having a claim against him, or who is under any liability for him, procures any part of his property to be attached, sequestered, or seized on execution, or makes any payment, pledge, assignment, transfer, or conveyance of any part of his property, either directly or indirectly, absolutely or conditionally— the person receiving such payment, pledge, assignment, transfer, or conveyance, or to be benefited thereby, or by such attachment, having reasonable cause to believe such person is insolvent, and that such attachment, payment, pledge, assignment, or conveyance is made in fraud of the provisions of this act —the same shall be void, and the assignee may recover the property, or the value of it, from the person so receiving it, or so to be benefited." To "surrender," under section 23, clearly implies action on the part of the person receiving the preference. To "recover," under section 35, as clearly implies action against the person receiving the prefer-

ence. Under section 23, it is left to the option of the person receiving the preference whether he will give up the property, etc., he has received by the way of preference, or whether he will hold on to it. The only consequence being that he cannot prove his debt, or receive any dividend upon it, in case he chooses to pursue the latter course. In case of a recovery under section 35, he has no such option. If it were not for section 35, and there was no other provision than that contained in section 23, then in case the creditor receiving a preference did not surrender, the assignee and the other creditors would have no alternative. They would be utterly remediless, and the creditor, if he saw fit, could hold on to the property, etc., so received by him, if he so elected, regardless of any disparity there might be between his debt and the property, etc., so received by him, and thus the primary object of the bankrupt act, viz., to compel an equal distribution of the debtor's property, would be liable to be entirely defeated. Section 35 provides the alternative. From this analysis of sections 23 and 35, it therefore clearly appears that the recovery provided for in section 35 is the alternative of the surrender provided for in section 23. But when does this alternative arise, and in what case may it be resorted to? Clearly in those cases, and those only, in which there is a failure, refusal, or neglect to surrender. A surrender may probably be made so as to fully answer the requirements of section 23, at any time before judgment, because the word "recover," in section 35, is evidently used in its strict legal sense, and in that sense the obtaining of judgment by the assignee in his favor, is the recovery meant. As no question arises in this case, however, as to the right of a person receiving a preference to surrender after suit commenced against him by the assignee and before judgment, I refrain from expressing any positive opinion upon it. But how is it after the recovery is complete by the rendition of judgment, or decree, as in this case? What has the party receiving the preference then to surrender? If the recovery is of the property in kind, he certainly has not that to surrender, because it has already been transferred to the assignee, by the judgment or decree of the court. If the recovery is for the value of the property, in money, then the collection of the judgment or decree by the assignee is but receiving the fruits of the recovery, and it makes no difference in this respect whether the collection is enforced by levy and sale on execution, or by receiving the money upon it, without compulsory process. The recovery is complete when judgment or decree is entered, and anything done after that in satisfaction of the judgment or decree, is done by force of the recovery, and can in no sense be decreed a surrender, within the meaning of section 23. Judge Miller, of Wisconsin, in Re Princeton [Case No. 11,433], holds sub-

stantially the same doctrine, and says: "Under sections .23 and 35, when a creditor accepts a preference with reasonable cause to believe that his debtor is committing a fraud upon the act, he is barred from proving his debt, or receiving dividends, unless he make return of the matter so received, and, on failure to do so, he may lose both, and all benefits from the preference and dividends of assets."

But it was contended in the able arguments of counsel for claimants, that because there is an express prohibition against a creditor .receiving a preference after a recovery, in cases arising in involuntary bankruptcy (see section 39), and none in cases arising under section 35, that, therefore, no prohibition was intended in the latter class of cases. From the views above expressed in relation to sections 23 and 35, the following conclusions are inevitable: First. Section 23 prohibits the proof of claims in the cases therein specified, without a surrender. Second. Such prohibition continues until such surrender is .made. Third. No surrender can be made after a recovery under section 35. Fourth. Therefore, there having been a recovery, the prohibition of section 23 remains, and has become perpetual without a repetition of it in section 35.

The express prohibition contained in section 39, will now be considered. Sections 35 and 39 are very nearly related to each other in their provisions, and must be construed together, in pari materia. Section 35, in express language, applies equally to voluntary and involuntary cases. Therefore, all the qualifications and conditions prescribed by section 35, not inconsistent with the provisions of section 39, will apply to proceedings under the latter section, and all the qualifications. conditions, and prohibitions of section 39, so far as they relate to the same class of matters provided for by section 35, and are not inconsistent with its provisions, will apply to proceedings under section 35. See In re Montgomery [Case No. 9,728], and In re Davidson [Id. 3,599], where similar doctrine is held by Judge Blatchford, of the Southern district of New York. I have, however, been unable to find any adjudicated cases presenting the precise question now under consideration. But it is claimed that sections 35 and 39 are inconsistent in this. That by the first clause of section 35 above quoted in full, no preference can be attacked unless it was given within four months before filing the petition for adjudication of bankruptcy, whereas by section 39 such preference may be attacked if made within six months before the filing the petition, and that, therefore, that clause of section 35 (being the clause particularly applicable to this case) cannot be construed together with section 39. On a close inspection of the clause of section 39 referred to, it will be seen that the six months' limitation therein provided, .applies solely to the time within which the pe-

tition for adjudication of bankruptcy must be filed, and not to the time within which a preference may be attacked. The objection, therefore, has no foundation. The class of cases provided for in the said first clause of section 35, is also provided for in section 39, and therefore, under the rule before stated, the express prohibition contained in the last clause of section 39, applies equally to section 35 as to section 39. This prohibition is as follows: "And if such person shall be adjudged a bankrupt, the assignee may recover back the money or other property so paid, conveyed, sold, assigned, or transferred, contrary to this. act: provided, the person receiving such payment or conveyance had reasonable cause to believe that a fraud on the act were intended, and that the debtor was insolvent, and such creditor shall not be allowed to prove his debt in bankruptcy." I concede that this prohibition was unnecessary so far as concerns the class of cases to which the case at bar belongs; and it probably would not have been inserted if sections 35 and 39 had covered no other class of cases. The class of cases to which this belongs is a very limited one, viz., that of preferences only. The prohibition of section 23 does not cover any other class of cases than this, and does not extend to any preferences received before the approval of the act. Sections 35 and 39 provide for recovery in other cases than those of preference merely, such as payments, sales, etc., with a view to prevent the debtor's property from coming to his assignee in bankruptcy, etc.; and money, goods, etc., obtained by a creditor as an inducement to forbear opposition to the bankrupt's discharge; and assignments, gifts, sales, etc., with intent to delay, defraud, or hinder creditors. The express prohibition contained in the last clause of section 39, above quoted. was inserted there in order to prescribe one general rule, applicable alike to all cases of recovery of money or other property paid, conveyed, etc., to creditors, contrary to the bankrupt act. The claimants in this case are therefore prohibited from proving their claim under both sections 23 and 39.

I hold, therefore: First. That the claimants, Franklin Moore, George Foote, and George F. Bagley, after the approval of the bankrupt act, accepted a preference on account of the debt or claim presented by them, from the bankrupts William Tonkin and William Trewartha, having reasonable cause to believe that the same was made and given by the said bankrupts contrary to the provisions of the said bankrupt act. Second. That the payment by the said Moore and others of the decree obtained against them by the assignee. is not a surrender to the assignee within the true intent and meaning of the bankrupt act. Third. That, therefore, they are not allowed to prove their said debt or claim against the estate of the said bankrupts.